### In re EBERHARDT et al.

(District Court, W. D. Pennsylvania. March 11, 1924.)

No. 10726.

**Bankruptcy ⟷114(1)—Receiver held not liable in tort for depreciation of stock withheld by direction of court.**

Owners of stock found in hands of stockbrokers when they became bankrupt *held* not entitled to recover from receiver of bankrupt estate for damages for withholding of stock, where it appeared court directed withholding of stock until owners' liability to contribution to certain creditors of bankrupt, if any, should be determined. though no claims for contribution were filed.

In Bankruptcy. In the matter of George W. Eberhardt and others, individually and as partners doing business under the name of George W. Eberhardt & Co., bankrupts. Petition for damages from receiver for depreciation in value of shares of stock. Petition denied.

Donald Thompson, of Pittsburgh, Pa., for receiver.

Maynard C. Teall, of Pittsburgh, Pa., for exceptant.

Before THOMSON, GIBSON, and SCHOONMAKER, District Judges.

SCHOONMAKER, District Judge. Thomas R. Purman & Co., to whom the court by order of July 31, 1923, directed the return by the receiver herein, of 2,865 shares of the capital stock of the International Petroleum Company, Inc., in accordance with the prayer of the petition of said Purman & Co. filed herein December 30, 1922, again comes before the court by petition filed September 29, 1923, alleging the unlawful withholding of said stock from the petitioners by the receiver and the depreciation in market value of said stock from $64,104.37 on December 30, 1922, when demand was made on the receiver for its return, to $42,975 on the 1st day of August, 1923, when said stock was actually returned to said Purman & Co. by the receiver in pursuance of the order of this court, and asking that the court now either

order the receiver to pay to said petitioners, Thomas Purman & Co., the difference in market value of said stock of $21,129.37, with interest, by way of damages for unlawful withholding of said stock, or permit the petitioners to bring an action at law against the receiver therefor in the court of common pleas of Allegheny county. To this petition the receiver had filed an answer, admitting the fact of depreciation in value of the stock in question, between December 30, 1922, and August 1, 1923, and denying the legal right of the petitioners to recover, and the petitioners have replied, denying the legal conclusion averred in the answer. By agreement of counsel in open court, the matter was heard on the merits of the case, on the petition, answer, reply, and proofs taken on the petition filed December 30, 1922.

The question now before the court is whether or not the petitioners, Thomas Purman & Co., are entitled to recover from the receiver of this bankrupt estate, damages for the withholding of this stock. The facts upon which the court directed the return of the stock in question, are set out in opinion of Judge Gibson, filed March 16, 1923, to which reference is hereby made for the facts upon which the order of return was made, and we need only at this time to point out that the court then held that the stock in question came into the hands of the bankrupt in such a way that, before return to petitioners, it might be subject to contributions, along with other stockholders in the same class, to pay any loans for which the stock may have been pledged, and therefore declined to order the return of the stock in question, until satisfied that the stock of Purman & Co. was not subject to contribution. The petition was therefore denied on March 16, 1923, with leave to petitioner to renew his prayer after the court has been fully informed of the rights and equities of other creditors of the bankrupt. No further order was made by the court until August 31, 1923, when the court directed the return of the stock; no creditors having in the meantime filed a claim for contribution out of the shares in question.

The petitioners base their claimed right of recovery on an alleged tort of the receiver in withholding from him the stock in question, when they made demand for it on December 30, 1922. The receiver, instead of delivering the stock at once to the petitioners upon their demand, submitted the matter to the court for decision. Was that such a wrong upon the rights of the petitioners as to justify the court in awarding damages for depreciation in the market value of the stock in the meantime? We think not. That is conclusively shown by the fact that the court itself directed the withholding of the stock in question from the petitioners until their liability to contribution, if any, should be determined.

The petitioners voluntarily placed their stock in the hands of the bankrupt stockbrokers, by attaching them to drafts drawn on bankrupt's agents in New York. When Eberhardt & Co. became so involved that it was necessary for the court to appoint a receiver to take charge of their estate, that receiver, as an officer of this court, came lawfully into possession of the stocks in question and held them subject to the orders of this court. The receiver had no legal right to deliver the stocks in question to the petitioners on their mere demand for the same. The authority of this court was needed, and only such time was taken by the court as was necessary to determine the rights of the claimants, and ascertain whether there might be a lawful claim for contribution made upon the claimants. When the reclamation proceeding was commenced by petitioners, the receiver merely laid the matter before the court for determination. What else could the receiver legally do? Nothing.

No legal damage could accrue for this. The status and the rights of the petitioner had to be fixed by this court as a condition precedent to the return of the stock in question. They had placed their stock in the hands of the bankrupts in such a way that, upon the insolvency of the bankrupts, they might be liable to contribution to certain creditors of bankrupts as a condition precedent to the return of the stock. The receiver is in no way to blame for this situation, and there can be no recovery here.

Counsel for petitioners have called our attention to numerous decisions holding that a receiver may be held legally responsible for his torts. We have no quarrel with these decisions, but they have no application to this case. Counsel have also suggested that, even if the receiver was right in submitting to the court the question of petitioner's right to possession of the stock in question, nevertheless it should be charged with the loss from the depreciation of the stock, because it did not ask and obtain leave to sell the stock in the market and hold the proceeds pending determination of petitioner's right. We cannot find that any such duty rested on the receiver. If the petitioners, as claimants of the stock, had

wished to have the stock so sold and the proceeds held, it was, in our opinion, the duty of the petitioners to apply for that relief, and not that of the receiver.

The petitioners have utterly failed to establish any legal grounds for recovery in this case, and a decree may be entered denying this petition to recover damages from the receiver.

THOMSON and GIBSON, District Judges, concur.